LEWIS, FOLSOM & STREETER, for appellant.

THOMAS J. O'HARE, for appellee.

MR. JUSTICE DUNCAN delivered the opinion of the court.

## Abstract of the Decision.

1. EVIDENCE, § 223*—*when hearsay evidence is not admissible.* In an action for the recovery of a balance due for installing heating apparatus, where there was no evidence that plaintiff had damaged a boiler, or that such boiler was in fact damaged, *held* that a certain letter concerning the damage was not admissible in evidence, being merely hearsay and being the statement of third parties in their own interest.

2. INSTRUCTIONS, § 62*—*what facts may be assumed.* In an action for a balance due upon a contract for installing heating apparatus, *held* that the giving of an instruction which assumed that delay of the plaintiff in completing the work was caused by the defendant, or those working for him, was not prejudicial error even if not based on the evidence, since the plaintiff was entitled to recover, the defendant did not prove any defense either by way of set-off or recoupment and there was no damage due to delay.

---

The University Club of Chicago, Appellee, v. Earl H. Deakin, Appellant.

### Gen. No. 18,009. (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Affirmed. Opinion filed October 15, 1913.

## Statement of the Case.

Action by the University Club of Chicago, a corporation, against Earl H. Deakin to recover balance

---

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

University Club of Chicago v. Deakin, 182 Ill. App. 484.

of rent due for use of premises leased by plaintiff to defendant. From a judgment in favor of plaintiff for $2,007.66, defendant appeals.

JOHN S. GOODWIN and ROBERT F. PETTIBONE, for appellant.

MATZ, FISHER & BOYDEN, for appellee.

MR. JUSTICE DUNCAN delivered the opinion of the court.

## Abstract of the Decision.

1. LANDLORD AND TENANT, § 83*—*when clause in lease not a dependent covenant.* A clause in a lease that lessor will not rent any other store in the building to any tenant making a specialty of the sale of pearls, *held* not a dependent covenant.

2. LANDLORD AND TENANT, § 81*—*when restrictive covenant in lease not violated.* Covenant not to rent any other store in the building to any tenant making a specialty of the sale of pearls during the term of the lease, *held* not violated by landlord leasing to another for a "watch maker and jewelry establishment and for no other purpose" though such latter tenant did sell pearls.

3. LANDLORD AND TENANT, § 276*—*when acts of landlord do not debar payment of rent.* Wrongful act of the landlord does not debar him from recovery of rent, unless the tenant by such act has been deprived in whole or in part of the possession, either actually or constructively, or the premises rendered useless.

4. LANDLORD AND TENANT, § 81*—*restrictive covenants in lease strictly construed.* Covenants restraining the power of alienation, or in restraint of trade, will be strictly construed against the restriction.

5. LANDLORD AND TENANT, § 84*—*when parol evidence not admissible in construing lease.* Parol evidence not admissible to modify or change the plain unambiguous meaning of terms in a lease.

6. LANDLORD AND TENANT, § 60*—*implied covenants.* Courts will not imply covenants which might and ought to have been expressed, if intended.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.